IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| TRAXCELL TECHNOLOGIES, LLC,<br>    *Plaintiff*,<br><br>v.<br><br>VERIZON WIRELESS PERSONAL<br>COMMUNICATIONS, LP and<br>ERICSSON INC.,<br>    *Defendant.* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§      NO. 6:20-CV-01175-ADA |

## MEMORANDUM OPINION AND ORDER

Before the Court is the Defendants' Partial Motion to Dismiss Traxcell's Third Amended Complaint of direct infringement, indirect infringement, contributory infringement, and willful infringement of U.S. Patent Nos. 10,743,135 ("'135 Patent") and 10,701,517 ("'517 Patent") pursuant to Federal Rule of Civ Procedure 12(b)(6). Dkt. No. 45. Plaintiff filed its opposition fifty days late. Dkt. No. 55. Generously, Defendants did not oppose a retroactive fifty-day extension, so the Court granted Plaintiff's motion for extension and now considers Plaintiff's opposition and Defendants' reply. Dkt. No. 56, 59 (noting history of late filings), 61. After careful consideration of the briefs and applicable law, Defendants' Motion is **GRANTED-IN-PART** and **DENIED-IN-PART**.

### I.  LEGAL STANDARDS

Rule 12(b)(6) requires that a complaint contain sufficient factual matter, if accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). To meet this factual plausibility standard, the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," based on "more than a sheer

possibility that a defendant has acted unlawfully." *Id*. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. However, in resolving a motion to dismiss for failure to state a claim, the question is "not whether [the plaintiff] will ultimately prevail, . . . but whether his complaint was sufficient to cross the federal court's threshold." *Skinner v. Switzer*, 562 U.S. 521, 530 (2011). "The court's task is to determine whether the plaintiff has stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010) (citing *Iqbal*, 556 U.S. at 678).

To allege indirect infringement, the plaintiff must plead specific facts sufficient to show that the accused infringer had actual knowledge of the patents-in-suit or was willfully blind to the existence of the patents-in-suit. *Glob.-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 766, 769 (2011) ("[I]nduced infringement under § 271(b) requires knowledge that the induced acts constitute patent infringement" or at least "willful blindness" to the likelihood of infringement.); *Commil USA, LLC v. Cisco Sys., Inc.*, 575 U.S. 632, 639 (2015) ("Like induced infringement, contributory infringement requires knowledge of the patent in suit and knowledge of patent infringement."). A showing of willful blindness requires that "(1) the defendant must subjectively believe that there is a high probability that a fact exists and (2) the defendant must take deliberate actions to avoid learning of that fact." *Global-Tech*, 563 U.S. at 769.

For inducement allegations, "a claim of induced infringement must contain facts plausibly showing that [the defendants] specifically intended their customers to infringe the [asserted] patent and knew that the customer's acts constituted infringement." *In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1339 (Fed. Cir. 2012)). This "demanding specific intent requirement for a finding of induced infringement" requires more than "unsubstantiated assertions." *Affinity Labs*, 2014 WL 2892285, at *7. An inducement claim cannot "simply recite[]

the legal conclusion that Defendants acted with specific intent." *Addiction & Detoxification Inst. L.L.C. v. Carpenter*, 620 F. App'x 934, 938 (Fed. Cir. 2015).

To establish contributory infringement, "the patent owner must demonstrate: 1) that there is direct infringement, 2) that the accused infringer had knowledge of the patent, 3) that the component has no substantial noninfringing uses, and 4) that the component is a material part of the invention." *Affinity Labs*, 2014 WL 2892285 at *8. "Like induced infringement, contributory infringement requires knowledge of the patent in suit and knowledge of patent infringement." *Commil*, 575 U.S. at 639.

Similarly, to allege willful infringement, the plaintiff must plausibly allege the "subjective willfulness of a patent infringer, intentional or knowing." *Halo Electronics, Inc. v. Pulse Electronics, Inc.*, 579 U.S. 93, 105 (2016). This requires a plaintiff to allege facts plausibly showing that the accused infringer: "(1) knew of the patent-in-suit; (2) after acquiring that knowledge, it infringed the patent; and (3) in doing so, it knew, or should have known, that its conduct amounted to infringement of the patent." *Parity Networks, LLC v. Cisco Sys., Inc.*, No. 6:19-CV-00207-ADA, 2019 WL 3940952, at *3 (W.D. Tex. July 26, 2019).

## II.   ANALYSIS

### A.  Direct Infringement is Dismissed in Part

Defendants contend that Plaintiff fails to plausibly and particularly plead infringement of "another one o[r] more computers," an element found in both the '517 Patent and the '135 Patent. Dkt. No. 45 at 4. The asserted patent claims recite "another one or more computers" in addition to a "system of computers." *Id.* The Third Amended Complaint identifies Ericsson's SON as the "system of computers." *Id.* Defendants then reproduce a highlighted version of Plaintiff's contention as to the "another one or more computers" limitation for the '517 Patent:



*Id.* at 6 (reproducing Dkt. No. 41 at 6-7, 13-14) (highlighting added by Defendants).

The Court finds that Plaintiff properly pleaded infringement of this element. From this contention, the Court finds the following facts and inferences are plausible: Defendants have one or more "subsidiaries," the subsidiaries have another one or more computer(s) included in the wireless network, and these computer(s) are coupled to the system of computers executing or loaded with Ericsson's SON solution.

The Court finds that Plaintiff's alternative theories of infringement fail as a matter of law. Specifically, the Third Amended Complaint shows that this element is met by "another computer(s)" of "third-parties, LBS[1] providers . . . etc." as well as the "Internet" generally, a "firewall," and a "choke router." Even if true, "another computer(s)" of "third-parties, LBS

---

[1] Location Based Service

4

providers . . . etc." establishes split infringement by other parties, so Defendants cannot directly infringe the entire claim. Similarly, the Third Amended Complaint does not plead that Defendants own the Internet, the internet routers, or internet firewalls, so these elements do not establish infringement by the Defendants.

Defendants also reproduce a highlighted version of Plaintiff's contention as to the "another one or more computers" limitation for the '135 Patent:

| wherein the wireless network further comprises another one or more computers other than the system of computers, wherein at least one of the another one or more | Plaintiff contends that another one or more computers {i.e., one or more computers, servers, computing devices, computing systems, etc. within or outside the Ericsson's Network or Ericsson's facility such as one or more computers, servers, computing devices, computing systems, etc. of third-parties, location based service (LBS) providers, Ericsson's subsidiaries or family of companies, vendors, partners, etc. is coupled in communication with the system of computers executing or loaded with Ericsson's SON solution {which includes SON Optimization Manager (SON OM), SON Policy Manager, SON Visualization, etc. |

Dkt. No. 45 at 6 (citing Dkt. No. 41 at 27) (highlighting added by Defendants).

The Court finds that Plaintiff properly pleaded infringement of this element. From this contention, the Court finds the following facts and inferences are plausible: another one or more computers made up of servers, computing devices, and/or computing systems exist within Ericsson's Network or Ericsson's facility, or those of Ericsson's subsidiaries or Ericsson's family of companies, and these servers, computing devices, and/or computing systems are coupled in communication with the system of computers executing or loaded with Ericsson's SON solution.

The Court finds that Plaintiff's alternative theories of infringement fail as a matter of law. Specifically, the Third Amended Complaint shows that this element is met by "one or more computers, servers, computing devices, computing systems, etc. . . . outside the Ericsson's Network or Ericsson's facility such as one or more computers, servers, computing devices, computing systems etc. of third-parties, location based service (LBS) providers, . . . vendors, partners, etc."

Even if true, "another computer(s)" belonging to "third-parties" such as "vendors, partners" that are "outside the Ericsson's network" establishes split infringement by other parties, so Defendants cannot directly infringe the entire claim.

Defendants argue that the allegations are insufficiently specific and fail to put them on notice of what aspect is infringing. Dkt. No. 45 at 8. The Plaintiff must "identify what aspect of the systems are infringing and whether specific components of Defendants systems are allegedly infringing. Merely identifying the entire system and directing the Court and the Defendants to the claims . . . to determine what aspect of the systems infringes is not enough." *Fenner Investments, Ltd. V. Cellco P'ship*, No. 6:11-CV-348, 2012 WL 12785031, at *2 (E.D. Tex. Mar. 27, 2012). In *Fenner*, the complaint lacked an infringement chart and merely alleged that one "network communication system" met a patent claim with multiple different components. Here, the above-pictured claim element of the '135 Patent above requires a wireless network comprising a separate computer, and in the case of the '517 Patent, that the separate computer is coupled to the systems of computers. Defendants properly pleaded this element by providing a claim chart for this element and pleading the existence of a wireless network comprising another such coupled computer owned by Defendants.

Defendants' final dispute is that "Traxcell does not and cannot identify 'another one or more computers' in communication with the Ericsson SON that shares location information with the Ericsson SON because no such 'another' computer exists. . . . Traxcell has no basis for asserting these claims" Dkt. No. 45 at 8. The Third Amended Complaint pleads that the "system of computers can provide access to an indication of location to another computer(s)." Dkt. No. 45 at 7. At the pleadings stage, the Court assumes that the pleaded facts are true and will resolve this disputed fact in favor of Plaintiff. Plaintiff pleaded the existence of this another computer and the claimed sharing of location information.

6

Therefore, the Court finds that Plaintiff has sufficiently pled at least one theory of direct infringement in its Complaint for both the '517 Patent and the '135 Patent. The Court **DENIES-IN-PART** Defendants' motion to dismiss the viable theories. The Court **GRANTS-IN-PART** Defendants' motion to dismiss the remaining theories of direct infringement, and by extension, indirect, induced, and willful infringement consistent with this Opinion.

### B. Inducement Claims Dismissed with Leave to Amend

As for Defendants knowledge of the asserted patent, Plaintiff alleges that Defendant learned of the patents-in-suit through related patent prosecution and patent litigation. Dkt. No. 41 At 9-10. Defendants contends that the Third Amended Complaint fails to properly plead that Defendants intended for the customers to infringe. Dkt. No. 45 at 9-11. The Court agrees.

Plaintiff argues that it "alleged that Defendants actively encouraged or instructed others (e.g., its customers), and continues to do so, on how to use its products and services ( . . . ) such to cause infringement." Dkt. No. 55 at 7. Instructing others to perform an action "such to cause infringement" does not plead the intent required by law.[2] *Id.*

The Court **GRANTS** Defendants' motion to dismiss Plaintiff's inducement claims. However, given the difficulty in alleging these specific details without the benefit of fact discovery, in accordance with the Court's usual practice, the Court permits Plaintiffs to amend its Complaint after the start of fact discovery to specifically recite the omitted element and underlying facts, if Plaintiff has a basis to do so.

### C. Contributory Infringement Dismissed with Leave to Amend

Traxcell's allegations for contributory infringement are boilerplate and largely the same for each patent. Specifically, with respect to Verizon, the Third Amended Complaint asserts only that:

---

[2] Plaintiff makes no argument that the required intent is plausibly inferred, so the Court will not address this inference.

7

> Verizon has and continues to contributorily infringe. Verizon has actively encouraged or instructed others (e.g., its customers and/or the customers of its related companies), and continues to do so, on how to use its products and services e.g., U.S. wireless networks, wireless-network components that use [claim limitation]) such as to cause infringement of one or more of [asserted claims of the] patent, literally or under the doctrine of equivalents.

Dkt. No. 41 at ¶¶ 15, 28, 42. Likewise, with respect to Ericsson, the Third Amended Complaint asserts only that:

> Ericsson has and continues to contributorily infringe. Ericsson has actively encouraged or instructed others (e.g., its customers and/or the customers of its related companies), and continues to do so, on how to use its products and services e.g., U.S. wireless networks, wireless-network components (including Ericsson wireless devices and network infrastructure components), including wireless devices, that use [claim limitation]) such as to cause infringement of one or more of [asserted claims of the] patent, literally or under the doctrine of equivalents.

Dkt. No. 41 at ¶¶ 21, 34, 48.

Plaintiff's allegations fail to plead contributory infringement. Plaintiff fails to identify any specific component (except base stations and the SON system), fails to allege that any identified component is a material part of the invention, and fails to allege that any identified component has no substantial noninfringing uses. Dkt. No. 55 at 8.

Plaintiff's brief argues that the accused "SON systems do not have substantial noninfringing uses." Dkt. No. 55 at 8. However, Plaintiff fails to identify where this fact exists in the Third Amended Complaint. Plaintiff argues that the Third Amended Complaint contains claim charts that identify the SON systems and that "The Ericsson's SON solution has code specifically designed for use by one or more computers." *Id.* This design for one use, taken as true, does not preclude the existence of substantial noninfringing uses. Plaintiff's brief does not argue that base stations have no substantial infringing uses. *Id.* at 7-8.

The Court **GRANTS** Defendant's motion to dismiss Plaintiff's contributory infringement claims. The Court permits Plaintiff to amend its Complaint within five business days to cure the deficiencies.

### D.  Willfulness Dismissed with Leave to Amend

Defendants contend that the Third Amended Complaint fails to meet this standard.  Plaintiff argues that the standard is met because the Defendants learned of the patents-in-suit through related patent prosecution and patent litigation and knew of infringement thereafter.  Dkt. No. 55 at 8; Dkt. No. 41 At 9-10.  This Court agrees with Plaintiff that the knowledge element was adequately plead, but Plaintiff's Responsive Brief does not address the remaining elements. Plaintiff's Responsive Brief further argues, "Despite that knowledge, Defendants continued to practice systems and methods it knew Traxcell would allege infringe[ment of]." Dkt. No. 55 at 8.  Plaintiff's Responsive Brief fails to identify where these key facts about Defendants' intent are alleged in the Third Amended Complaint.  *Id.*

The Court **GRANTS** Defendants' motion to dismiss Plaintiff's willfulness claims. However, given the difficulty in alleging these specific details without the benefit of fact discovery, in accordance with the Court's usual practice, the Court permits Plaintiffs to amend its Complaint after the start of fact discovery to specifically recite these elements and underlying facts, if Plaintiff has a basis to do so.

SIGNED this 31st day of January, 2022.

_____
ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE