UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| TRAXCELL TECHNOLOGIES, LLC., )<br>*Plaintiff*,                       )<br>                                              )<br>v.                                          )<br>                                              )   Civil Action 6:20-cv-01175-ADA-DTG<br>                                              )<br>CELLCO PARTNERSHIP D/B/A      )<br>VERIZON WIRELESS AND           )<br>ERICSSON INC.,                          )<br>*Defendants*.                       ) | |

**[PUBLIC VERSION] OMNIBUS DISCOVERY ORDER**

Before the Court are: (1) Plaintiff Traxcell Technologies, LLC's ("Traxcell") Objections to ECF No. 100 (ECF No. 102) and (2) Traxcell's discovery requests (submitted by emails on July 15, 2022 and July 28, 2022).

Having considered the parties' submissions and arguments, the Court is of the opinion that the requested relief should be **GRANTED-IN-PART** and **DENIED-IN-PART**.

### ORDER ON OBJECTIONS TO REPORT AND RECOMMENDATION

The Court **OVERRULES** Traxcell's Objections (ECF No. 102) and **ADOPTS** Judge Gilliland's Order (ECF No. 100).

### ORDER ON JULY 15, 2022 DISCOVERY DISPUTE

The parties submitted the following dispute to the Court on July 15, 2022:

1

Traxcell's Position:

On February 14, 2022, Traxcell served its Second Requests For Production on Verizon, seeking documents and information related to all aspects of the accused Verizon instrumentalities. See Exhibit 1, Second Requests For Production, dated Feb. 14, 2022.

On July 12, counsel for Traxcell provided examples of documents Verizon produced in the Marshall case that Verizon did not produce in the instant case. Exhibit 2, July 12, 2022 Correspondence Between Counsel, Exhibit 3, Marshall case Doc. No. 258-17; Exhibit 4, Marshall case Doc. No. 258-12; Exhibit 5, Marshall case Doc. No. 258-7.

These documents evidence that components in the Verizon wireless network locate or are involved in locating the wireless device. This evidence bolsters Traxcell's infringement case as described in Traxcell's infringement contentions.

For example, Ex. 5 at VZW_TRAXCELL_1750-63 is a section directed to "Vzw Assisted Location" or Verizon Wireless Assisted Location as part of a larger document on Verizon Wireless' Requirements for LBS or Location Based Services. This section includes discussion of the "Vzw Positioning Engine" or Verizon Wireless Positioning Engine and how it accepts requests for location information and provides it in response. *E.g., id*. at 1756-58.

Another example is Ex. 3 at VZW_TRAXCELL_480628 showing a figure depicting the PDE and AAA servers that are part of the Verizon Wireless network and involved in location determination. This section of Verizon's Device Requirements Location Based Services explains the role of these Verizon Wireless network components:

> "*In the Trusted Mode the LBS application connects to the LBS Application server in order to check the customer's privacy settings to ensure that the location request is in an allowable timeframe. If the privacy conditions are met, the device then*

2

*connects to the PDE in order to request GPS assistance data. The PDE initiates an authorization query with the AAA in order to check the device's MIN/IP pair and carrier ID. The PDE processes the request after successful validation.*"

*Id*. at 480624.

These components and their functions are described and relied upon in Verizon's infringement contentions. *E.g.*, Exhibit 6, Infringement Contention Excerpt, Doc. No. 97-4 at 6.

Given that the prior Marshall production is relevant to accused instrumentalities in the instant case, as demonstrated above, Traxcell requests that the Court order Verizon to produce all of its documents produced in the Marshall case in this case.

**Relief Sought:** Order that "Verizon must produce a copy of all of its production documents from Traxcell Techs., LLC v. Verizon Wireless Personal Communications, LP, 2:17-CV-718-RWS-RSP and Traxcell Techs., LLC v. AT&T, Inc., 2:17-CV-721-RWS-RSP."

Defendants' Position:

On June 16, Magistrate Judge Gilliland issued an order limiting discovery to "discovery relating to the use of wireless device location data by the accused Ericsson C-SON, the VZ Navigator application, or products reasonably similar to the Ericsson C-SON or the VZ Navigator application." DE 100. Traxcell has filed objections to that order. DE 102. As Defendants explained during that dispute, the claims of the '135 and '517 patents require a "system of computers" to provide a wireless device's location to "another set of computers," and Traxcell has identified the Ericsson C-SON as the "system of computers." *See* Ex. A (Ex. C to Traxcell's contentions).

Traxcell now seeks discovery from Verizon related to certain documents produced in the prior litigation between the parties. Traxcell argues that these documents are "evidence that

3

components in the Verizon wireless network locate or are involved in locating the wireless device" and cites to Traxcell's infringement contentions for the '517 patent (for which the Ericsson C-SON is the accused product).

Traxcell is actively disregarding this Court's order. This dispute is merely the prior dispute framed in a new way. These documents have nothing to do with the Ericsson C-SON— the passage cited by Traxcell relates to unaccused Location Based Services (LBS) applications; the Ericsson C-SON is not an LBS application. And Traxcell has made no attempt to argue these documents relate to the Ericsson C-SON (or VZ Navigator) or products reasonably similar to the Ericsson C-SON (or VZ Navigator). In fact, Traxcell has admitted to Defendants that it is pursuing undisclosed and irrelevant infringement theories that have nothing to do with the Ericsson C-SON. *See, e.g.*, Ex. B, July 8 email ("We have evidence of how Verizon fixes location of a wireless device (***not using the C-SON***).").

As such, the Court has ***already ruled*** that Traxcell is not entitled to discovery beyond the accused Ericsson C-SON, VZ Navigator, or reasonably similar products. In fact, items Traxcell references (*e.g.*, the AAA server, PDE) were specifically mentioned in Traxcell's motion for reconsideration, which this Court denied. *See* DE 97 at 6, DE 100.

The documents Traxcell requests are additionally not relevant because they predate the issuance of the patents-in-suit. The earliest of the patents-in-suit issued in June 2020. One of the documents cited by Traxcell is from 2018, and ***the other document is from 2008***. Traxcell's request for documents from 2008 is particularly egregious because Traxcell is aware that that such documents have no relevance to this case. First, as discussed in Defendants' opposition to Traxcell's objections, the 2008 documents relate to CDMA networks, and Traxcell ***knows*** from the prior case that the Ericsson C-SON does not support CDMA. *See* DE 105 at 10. Second,

4

Traxcell tried to make a similar argument in the prior case, and the court rejected such attempts because the documents "are from 2008" and "have little probative value regarding how Verizon's accused products, systems, and methods operated in 2017 when the complaint was filed." *Verizon I*, DE 444 at 14-15.

**Relief Sought**:  Deny Traxcell the relief it seeks.

Court's Ruling:

The Court **DENIED** Traxcell's request for all documents from *Traxcell Techs., LLC v. Verizon Wireless Personal Communications, LP*, 2:17-CV-718-RWS-RSP (E.D. Tex.) and *Traxcell Techs., LLC v. AT&T, Inc.*, 2:17-CV-721-RWS-RSP (E.D. Tex.).  Plaintiff's request is overbroad.  Not all documents from other pending cases are relevant to this case.

## ORDER ON JULY 28, 2022 DISCOVERY DISPUTE

The parties submitted the following dispute to the Court on July 28, 2022:

Traxcell's Position:

Traxcell's Second Requests For Production seek program code from Verizon and Ericsson related to Accused Products and Accused Services.  See Exhibit 1, Second Requests For Production, dated Feb. 14, 2022 to Ericsson at Requests 63 and 66; See Exhibit 2, Second Requests For Production, dated Feb. 14, 2022 to Verizon at Requests 63 and 66.

The term Accused Products is defined as a product, item, or system identified in Plaintiff's Infringement Contentions. The Final infringement contentions served March 16, 2022, specifically provide for specific components, including that the system of computers includes:

1. RF Transceivers which include BSC and BTS.  See Ex. 3, pages 1 and 2/110 (highlighted portion).

2. Ericsson's SON Solution.  See Ex. 3, page 41/110 (highlighted portion).

The infringement contentions provide the term "another one or more computers" is coupled in communication with the system of computers from the core network and is disclosed as being within or outside Verizon's wireless network (See Ex. 3 at 85/110) and including:

3. Mobile device location.  See Ex, 3 at 14-105/110 (highlighted portion).
4. Location based services.  See Exhibit 3 at 89/110 (highlighted portion).

These components provide location of the mobile device:  the location gateway (LPS), PDE and VMLC.  See Ex. 4, Deposition of Thomas Bychowski at 18-19 (VMLC); 62-63 (PDE); and, 64-65 (LPS).

Defendants should therefore be required to produce the source code they have access to for these components.

Verizon verbally provided that it does not have the source code for all these components.  Verizon will only produce source code for Ericsson's C-SON.

Ericsson admitted that it has the source code for the base station controller (a part of the system of computers as defined in Plaintiff's infringement contentions) but said it would not produce it.

Both defendants contend they do not have the source code for the LPS, PDE or VMLC.  Defendants should be required to produce the code as the components on the Verizon network.  Additionally, Defendants should be required to produce code for any interface with these components.

**Relief Sought**: Order that "Verizon must produce a copy of all source code for the components of (1) Ericsson base Station controller (BSC) and associated Base Transceiver stations (BTS) (collectively, RF Transceiver); (2) Ericsson C-SON; (3) Location Gateway (location proxy

server (LPS)); and associated Position determination entity (PDE) and virtual mobile location center (VMLC) for providing an indication of location of a wireless device.

Defendants' Position:

At the meet and confer, Traxcell stated that this is the same dispute around the same issues that the parties have discussed numerous times.  Defendants agree.  Traxcell is again disregarding this Court's order and seeking discovery beyond the Ericsson C-SON and VZ Navigator.

Defendants have already offered source code for the Ericsson C-SON. Traxcell now also seeks source code for:

- "components of the network that provide location of the mobile device" (LPS, PDE and VMLC);
- Ericsson's BSC/BTS; and
- "code for any interface with these components."

The LPS, PDE, and VMLC are components provided to Verizon by third parties such as Comtech.  Neither Defendant has access to source code for these products.

Moreover, that source code is not relevant to this case.  The LPS, PDE, or VMLC are **not** discussed in Traxcell's infringement contentions.  The page Traxcell references contains an illustration of a CDMA network from **2008** (long before the patents issued) with a passing reference to "location based services."  This is not enough to provide notice to Defendants that the LPS, PDE, or VMLC are accused products.  And in any case, the LPS, PDE, and VMLC are servers that provide location information, not location based services themselves.

Traxcell argues that the source code for these components is relevant because these computers meet the "another one or more computers" limitation and "provide location of the mobile device."  But the "another one or more computers" limitation does not exist in isolation.  As

7

Traxcell acknowledges, the "another one or more computers is **coupled in communication with** the system of computers," and the "system of computers" provides location of the wireless device "**to** another one or more computers." Traxcell Ex. 3, '517 claim 1; Ex. B (Ex. D to contentions). Traxcell has identified the "system of computers" as computers "**executing or loaded with Ericsson's SON solution**." Ex. A (Ex. C to contentions).

Thus, the universe of "another one or more computers" is cabined by the claims to features that communicate with the "system of computers" (*i.e.*, the Ericsson C-SON). Traxcell, despite receiving discovery related to the Ericsson C-SON, has not and cannot demonstrate any link between **Ericsson's** C-SON product and these third-party LPS, PDE, and VMLC products. Indeed, Comtech's witness testified that Comtech's location servers are **not** used by Ericsson's C-SON. Ex. C (Bychowski Dep.) at 283:5-10. Notably, counsel for Traxcell did not even attempt to link **Ericsson's** C-SON to **Comtech's** LPS, PDE, or VMLC at the deposition of Comtech.

Regarding Ericsson's BSC/BTS, such source code is irrelevant and production would be burdensome. First, the BSC/BTS are components of CDMA networks, and the Ericsson C-SON does not support Verizon's CDMA network. Second, the claimed RF transceiver communicates with the "system of computers" (*i.e.*, Ericsson C-SON). Defendants have provided information for the Ericsson C-SON, including where the C-SON sends/receives information. Third, Ericsson's BSC/BTS perform many unrelated services for the network.

With respect to "code for any interface with these components," this request is impermissibly vague and broad.

**Relief Sought**: Deny Traxcell's request.

Court's Ruling:

Defendants Verizon Wireless Communications, LP ("Verizon") and Ericsson Inc. ("Ericsson") are **ORDERED** to provide discovery, including documents and source code, related to the location gateway (location proxy server (LPS)), position determining entity (PDE) and virtual mobile location center (VMLC) for providing an indication of location of a wireless device, to the extent Defendants have it in their possession. To the extent Defendants are unable to provide this discovery or any portion thereof, Traxcell may seek it from Comtech.

**IT IS SO ORDERED** this 3rd day of August, 2022.

_____
HON. ALAN D. ALBRIGHT
UNITED STATES DISTRICT JUDGE