UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| TRAXCELL TECHNOLOGIES, LLC., )<br>　　　　　Plaintiff, )<br>) <br>　　　v. )<br>)<br>)<br>)<br>CELLCO PARTNERSHIP D/B/A )<br>VERIZON WIRELESS AND )<br>ERICSSON INC., )<br>　　　　　Defendants. ) | Civil Action No. 6:20-cv-01175-ADA-DTG |

## ORDER ON DISCOVERY

Before the Court are Traxcell's discovery requests (submitted by email on August 29, 2022, as amended by email on September 1, 2022).

Having considered the parties' submissions and arguments, the Court is of the opinion that the requested relief should be **DENIED**.

The parties submitted the following disputes to the Court on August 29, 2022 and submitted updated disputes on September 1, 2022.

Traxcell's Position:

Traxcell seeks (1) the production of documents and things related to D-SON by Verizon and Ericsson and (2) the production of all documents and things related to revenue and costs of the components of Verizon's wireless network, including its antennas/radio towers, base stations, SON systems and wireless devices.

Judge Gilliland ordered production of everything related to C-SON. Ericsson's witness testified that the C-SON orchestrates and controls D-SON; the C-SON cannot work without D-SON; the C-SON cannot operate without communicating to D-SON; and it is necessary for C-

SON to work in collaboration with D-SON. Based on these admissions, it is Plaintiff's position that D-SON is a reasonably similar product to C-SON and is reasonably similar to what C-SON does and in fact C-SON cannot function without D-SON and used the same measurements. Plaintiff's infringement contentions, served June 24, 2021, specifically accuse the Verizon wireless network of infringing, which is composed of, from the infringement contentions, at least Radio Access Network elements, SON elements of C-SON, D-SON, and V-SON, and UE location elements. The SON Optimization manager orchestrates both D-SON and C-SON, and the performance measurements taken are largely the same between D-SON and C-SON. As such, the D-SON is related to C-SON and should be produced. Accordingly, under Judge Gilliland's Order, the requested material must be produced.

Traxcell's patents claim specific components of a wireless network, including antenna/radio tower; base station controller; SON system; wireless device. Traxcell is entitled to revenue from these components as a damage calculation will include an apportioned amount from each of these components. Further, a damage calculation would include a reduction in cost by efficiencies from the optimization from SON, including both C-SON and D-SON. As such, Traxcell is entitled to revenue from the operation of the wireless network.

The past case is irrelevant to the discovery in this case because the present case concerns different claims that do not carry the same limitations as the past claims. In the prior case, the claims were construed as limited to a single computer for all elements. The current claims specifically claim a system of computers and issued on applications with effective prosecution history disclaimers removing any limitation from the prior patents as to both location and computer. Therefore, the present case is different than the past case.

**Relief Sought**: (1) Order Verizon and Ericsson to produce all document and things on D-SON; a witness to authenticate the documents and things; and, all documents and things related to revenue and benefits from D-SON for both Verizon and Ericsson and (2) An order requiring Verizon and Ericsson to produce documents and things showing all revenue and costs of the components of its wireless network, including its antennas/radio towers, base stations, SON systems and wireless devices.

Defendants' Position:

The Court ordered production of documents related to C-SON "and **reasonably similar** products," and denied Traxcell's remaining requests. D-SON certainly interacts with C-SON, as do many other network components. But it is not "reasonably similar" to C-SON and thus outside the Court's order.

To demonstrate a product is "reasonably similar," plaintiff "must demonstrate that its [contentions gave] notice of a specific theory of infringement and that the products for which it seeks discovery **operate in a manner reasonably similar to that theory**." *Honeywell Int'l v. Acer Am. Corp.*, 655 F. Supp. 2d 650, 656 (E.D. Tex. 2009). The *Honeywell* plaintiff did this by "describing—element by element—how these two Driver ICs are structurally identical and operate in a manner consistent with the infringement theory in its PICs." *Id*. *See Kirsch Rsch. & Dev. v. Bluelinx*, 2021 WL 4555803, at *4 (W.D. Tex.) (Albright, J.) (denying discovery where plaintiff "has not made that showing here and it is not clear that it could."). The plaintiff must also "demonstrate that **it has diligently sought this information**." *Honeywell* at 656.

Traxcell has not even attempted to meet this burden:

- Traxcell simply asserts, without support, that D-SON is "reasonably similar to what C-SON does." But D-SON is not reasonably similar: it is a different product, developed by different teams, that operates differently from C-SON. As Mr. Moonen testified, D-SON

is "a completely different product" and the two products "focus on different things."  A D-SON unit operates on a single base station and makes decisions as to that base station, using its own algorithms.  C-SON uses a wide-range of inputs and makes decisions on a broad scale, using different algorithms.

- Traxcell has known that Verizon uses Ericsson's D-SON since the parties' prior litigation, filed **in 2017**.  Traxcell testified that it "know[s] from prior litigation that D-SON controls the base station controllers, how it works with the transceivers.".

- Traxcell's **final** contentions against Verizon, served March 2022, only mention D-SON in passing to distinguish it from the accused C-SON.  Traxcell's contentions against Ericsson do not mention D-SON **at all**.  If Traxcell has infringement theories related to D-SON, Defendants have no notice of what they are.

- Defendants have clearly maintained through this litigation that only C-SON was properly accused.  Indeed, that was the basis for the Dkt. 100 Order.

Nevertheless, Traxcell waited until now, five months after final contentions and shortly before the close of discovery, to seek discovery on D-SON.  This is the antithesis of diligence. As a consequence, should the Court grant Traxcell's relief, the schedule will need to move significantly, as Defendants cannot produce all information related to D-SON in the current timeframe.

To be clear, Defendants have provided discovery on D-SON (and other network components) to the extent it interacts with C-SON.  Beyond that, D-SON is irrelevant.  Traxcell has not demonstrated that D-SON is "reasonably similar" to C-SON, and the Court's order did not allow discovery into **unrelated aspects** of products that partially interact with C-SON.

Defendants have already produced revenue and cost information associated with the accused products—that is, the Ericsson C-SON and VZ Navigator.  Traxcell now seeks revenue and cost information for every component of the network, as well as "revenue from the operation of the wireless network."  Essentially, Traxcell is asking for all costs and revenue related to the entirety of Verizon's network.  Traxcell provides no justification for such broad discovery other than that the claims recite conventional network components.  But such discovery is simply too

4

attenuated a connection to this case to be relevant or proportional with Traxcell's needs in light of Traxcell's infringement allegations. The named inventor admitted that Traxcell did not invent wireless networks, wireless devices, base stations, etc. The accused products in the case are the Ericsson C-SON and VZ Navigator, as this Court previously ruled on. Dkt. 100. Further, such discovery would also drastically overstate the revenue attributable to the accused products such that it is nonsensical to force Defendants to produce it at this late stage and would be prejudicial to Defendants to present at trial. Moreover, Traxcell's request is on its face absurdly overbroad. For example, the Ericsson C-SON only operates on the Ericsson portion of Verizon's LTE network. Any financial information related to non-Ericsson RAN or non-LTE networks could not possibly be relevant to this case. Similarly, for example, VZ Navigator is not installed on all phones that operate on Verizon's network.

Indeed, Traxcell sought nearly this exact same discovery in the prior litigation, and in that case the court denied such discovery, finding that "the information requested by Traxcell is overly broad and not proportional to the needs of this case."

**Relief Sought**: Deny the relief that Traxcell seeks.

Court's Ruling:

Traxcell's request is **DENIED**.

**IT IS SO ORDERED** this 12th day of September, 2022.

HON. ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE