# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | | |
|---|---|---|
| **TRAXCELL TECHNOLOGIES, LLC** | § § § | |
| **Plaintiff,** | § § | |
| v. | § § | Civil Action No. 6:20-cv-01175-ADA |
| **VERIZON WIRELESS PERSONAL COMMUNICATIONS, LP and ERICSSON INC.** | § § § § | **Public Version** |
| **Defendants.** | § § | |

# ERICSSON'S MOTION FOR ATTORNEYS' FEES

**FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

**TABLE OF CONTENTS**

Page

I. BACKGROUND ...............................................................................................................1
II. LEGAL STANDARD........................................................................................................4
III. ARGUMENT .....................................................................................................................5
    A. Traxcell's Litigation Positions Were Objectively Unreasonable......................5
    B. Ericsson's Request for Fees Is Directly Tied to Traxcell's Unreasonable Infringement Positions .........................................................................................7
    C. An Award of Fees Is Necessary to Deter Future Litigation by Traxcell .........8
IV. CONCLUSION..................................................................................................................9

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Action Star Enterprises Co., Ltd. v. KaiJet Tech. Int'l, Ltd*,
  Case No. CV 12-08074 BRO, 2015 WL 12752877 (C.D. Cal. June 24, 2015) ........................7

*AdjustaCam, LLC v. Newegg, Inc.*,
  861 F.3d 1353 (Fed. Cir. 2017) ...................................................................................................5

*Blackbird Tech LLC v. Health In Motion LLC*,
  944 F.3d 910 (Fed. Cir. 2019) .....................................................................................................8

*Edekka LLC v. 3balls.com*,
  No. 2:15-CV-541, 2015 WL 9225038 (E.D. Tex. Dec. 17, 2015) ..............................................4

*Hensley v. Eckerhart*,
  461 U.S. 424 (1983) ...................................................................................................................7

*Lumen View Tech., LLC v. Findthebest.com, Inc.*,
  13 Civ. 3599 DLC, 2014 WL 2440867 (S.D.N.Y. May 30, 2014) .............................................6

*Mathis v. Spears*,
  857 F.2d 749 (Fed. Cir. 1988) .....................................................................................................7

*NexusCard, Inc. v. Brookshire Grocery Co.*,
  Case No. 2:15-cv-961, 2016 WL 6893704 (E.D. Tex. Nov. 23, 2016) ......................................4

*Nova Chems. Corp. (Can.) v. Dow Chem. Co.*,
  856 F.3d 1012 (Fed. Cir. 2017) ...................................................................................................4

*Octane Fitness, LLC v. ICON Health & Fitness, Inc.*,
  572 U.S. 545 (2014) ................................................................................................................3, 4

*Rembrandt Techs., LP v. Comcast of Fla./Pa., LP*,
  899 F.3d 1254 (Fed. Cir. 2018) ...................................................................................................4

*Stragent, LLC v. Intel Corp.*,
  No. 6:11-CV-421, 2014 WL 6756304 (E.D. Tex. Aug. 6, 2014) ...............................................4

*TechRadium, Inc., v. FirstCall Network, Inc.*,
  No. CIV.A. 13-2641, 2015 WL 862326 (S.D. Tex. Feb. 27, 2015) ...........................................4

*Therasense, Inc. v. Becton, Dickinson and Co.*,
  745 F.3d 513 (Fed. Cir. 2014) .....................................................................................................7

Ericsson Inc. ("Ericsson") respectfully moves to recover a portion of its attorneys' fees from Traxcell Technologies, LLC ("Traxcell"). 35 U.S.C. § 285 permits a party to recover its attorneys' fees if a patent case is "exceptional." This case is exceptional because Traxcell pursued its claims against Ericsson when it should have recognized that those claims were futile. Specifically, Traxcell accused Ericsson of infringing the '147 patent through the manufacture, sale, and use of "Ericsson's wireless communication devices" using Verizon's VZ Navigator or Google's Google Maps. *See* D.I. 74 at 46-52. But Ericsson does not sell wireless devices and has not done so in over a decade. And Ericsson has nothing to do with VZ Navigator or Google Maps, which are produced by Comtech and Google, respectively. Moreover, Traxcell was *aware* that Ericsson has nothing to do VZ Navigator or Google Maps because these were the same products that Traxcell accused of infringing related patents in a prior litigation. Traxcell never should have brought these infringement allegations against Ericsson, and its persistence in doing so merits an award of attorneys' fees.

Ericsson has accumulated ▓▓▓▓▓▓▓ attorneys' fees defending itself against Traxcell's infringement allegations related to the '147 patent. For the reasons below, Ericsson respectfully requests an award of those attorneys' fees.

Ericsson brings this motion now that the Court has dismissed all claims against Ericsson, including claims that Traxcell brought against Ericsson relating to the Network Tuning Patents -- U.S. Patent Nos. 10,701,517 and 10,743,135. *See* D.I. 130. Traxcell's refusal to drop its claims on the Network Tuning Patents until the close of fact discovery is indicative of Traxcell's practice of unnecessarily increasing costs for the parties.

I. **BACKGROUND**

Traxcell filed this lawsuit alleging that Ericsson infringed certain Traxcell patents, including U.S. Patent No. 10,820,147 (the "'147 patent"). The '147 patent claims a technology

1

relating to navigation systems. *See* D.I. 74 at 46-52. Traxcell accused Ericsson of infringing the '147 patent through the use of "Ericsson's wireless communication devices" having Verizon's VZ Navigator or Google's Google Maps. *Id*.

**The Prior Litigation**. Prior to this lawsuit, Traxcell sued Verizon alleging infringement of patents related to the '147 patent. *See Traxcell Techs., LLC v. AT&T Inc. et al.*, No. 2:17-CV-00718-RWS-RSP (E.D. Tex.). In that lawsuit, Traxcell asserted that Verizon's use of VZ Navigator and Google Maps infringed certain patents. Verizon won summary judgment of non-infringement, and the ruling that Verizon did not infringe Traxcell's patents was affirmed on appeal. *See Traxcell Techs., LLC v. AT&T Inc. et al.*, No. 2:17-CV-00718-RWS-RSP (Oct. 7, 2019 E.D. Tex.), D.I. 444; *Traxcell Techs., LLC v. Sprint Commc'ns Co. LP*, 15 F.4th 1121 (Fed. Cir. 2021).

Notably, both the district court and the Federal Circuit acknowledged that Google Maps and VZ Navigator are produced by Google and Comtech, respectively. *Traxcell Techs., LLC v. AT&T Inc. et al.*, No. 2:17-CV-00718-RWS-RSP (Oct. 7, 2019 E.D. Tex.), D.I. 444 at 13 ("These witnesses from Google and Comtech, the companies that produce the Google Maps and Verizon Navigator applications respectively . . ."); *Traxcell Techs., LLC v. Sprint Commc'ns Co. LP*, 15 F.4th 1121, 1127 (Fed. Cir. 2021) ("And for the '388 patent, Traxcell points to Verizon mobile devices using VZ Navigator or Google Maps (made by Comtech and Google, respectively).").

Traxcell currently owes Verizon its attorneys' fees for that lawsuit. *See Traxcell Techs., LLC. v. AT&T Corp.*, No. 2:17-CV-00718-RWS-RSP, 2022 WL 949951 (E.D. Tex. Mar. 29, 2022).

**This Litigation**. On December 21, 2020, Traxcell brought suit against Verizon in this litigation alleging, *inter alia*, that Verizon's use of VZ Navigator and Google Maps infringed the '147 patent. D.I. 1.

On February 5, 2021, Traxcell amended its complaint to add allegations against Ericsson, including, *inter alia*, that "Ericsson's wireless communication devices" using VZ Navigator or

Google Maps infringed the '147 patent. *See* D.I. 10 at 68 ("Plaintiff contends that Ericsson makes, uses, imports and sell wireless devices"); at 68 ("Wireless mobile communication device—including but not limited to Ericsson branded devices"); at 70 ("The wireless communication device having Verizon VZ Navigator application or Google maps, displays to the user navigation information . . .").

Ericsson does not sell wireless devices. Ericsson has no connection to either VZ Navigator or Google Maps, which are produced by Comtech and Google, respectively.

Traxcell amended its complaint multiple times, but these allegations against Ericsson remained. *See* D.I. 14 (Second Amended Complaint); D.I. 41 (Third Amended Complaint); D.I. 74 (Fourth Amended Complaint).

On June 24, 2021, Traxcell served its infringement contentions against Ericsson. *See* Ex. 1. Traxcell's infringement contentions made no attempt to cite any allegedly infringing behavior performed by Ericsson. Ericsson is mentioned in Traxcell's contentions only a handful of times, and the majority of those citations refer to an Ericsson Wireless network. *See, e.g.*, Ex. 1, Traxcell's '147 chart, claim 1 at 30 ("Wireless communication device receive the location of the Wireless communication device (Exhibit B) on Google Map from Wireless communication networks (e.g. Ericsson, Verizon, AT&T, T-Mobile, etc.) . . ."). Ericsson is not a wireless carrier and does not maintain its own wireless network.

On March 16, 2022, Traxcell served its final infringement contentions against Ericsson. *See* Ex. 2. These contentions are unchanged from Traxcell's initial contentions.

On May 11, 2022, Traxcell notified counsel for Ericsson that it intended to dismiss its claims of infringement against Ericsson for the '147 patent, but did not file any motion. Ex. 3.

On May 20, 2022, Ericsson filed its answer to Traxcell's Fourth Amended Complaint. D.I.

3

91.

On May 27, 2022, during a meet and confer, Traxcell confirmed that it was no longer asserting the '147 patent against Ericsson.

## II. LEGAL STANDARD

"The court in exceptional cases may award reasonable attorney fees to the prevailing party." 35 U.S.C. § 285. "[A]n 'exceptional' case is simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 554 (2014). There is "no precise rule or formula" for determining whether a case is exceptional. *Id.* "District courts may determine whether a case is 'exceptional' in the case-by-case exercise of their discretion, considering the totality of the circumstances." *Id.* "District courts tend to award fees based on substantive weakness when a party fails to adduce any evidence to support its position or the party advances a position conclusively contradicted by the evidence." *NexusCard, Inc. v. Brookshire Grocery Co.*, Case No. 2:15-cv-961, 2016 WL 6893704, at *3 (E.D. Tex. Nov. 23, 2016). A party seeking fees under Section 285 needs to show that they are entitled to fees by a preponderance of the evidence. *Octane Fitness*, 572 U.S. at 558.

To decide whether a case is "exceptional," courts may consider relevant factors such as "frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." *Rembrandt Techs., LP v. Comcast of Fla./Pa., LP*, 899 F.3d 1254, 1277 (Fed. Cir. 2018) (quoting *Octane Fitness*, 572 U.S. at 554 n.6); *see also Edekka LLC v. 3balls.com*, No. 2:15-CV-541, 2015 WL 9225038, at *1 (E.D. Tex. Dec. 17, 2015); *Stragent, LLC v. Intel Corp.*, No. 6:11-CV-421, 2014 WL 6756304, at *3 (E.D. Tex. Aug. 6, 2014). "The factors courts look to

include whether a party knew or willfully ignored evidence of the claims' meritlessness; whether the meritlessness could have been discovered by basic pretrial investigation; or whether the meritlessness was made clear early in the litigation." *See TechRadium, Inc., v. FirstCall Network, Inc.*, No. CIV.A. 13-2641, 2015 WL 862326, at *6 (S.D. Tex. Feb. 27, 2015). However, a party does not need to establish any particular factor to recover attorneys' fees under Section 285.

"The substantive strength of a party's litigating position—i.e., whether it is objectively baseless—[can] independently support an exceptional-case determination." *Nova Chems. Corp. (Can.) v. Dow Chem. Co.*, 856 F.3d 1012, 1017 (Fed. Cir. 2017). The Federal Circuit has awarded attorneys' fees under Section 285 after finding that "there [was] no possible way for [the accused] products to infringe." *AdjustaCam, LLC v. Newegg, Inc.*, 861 F.3d 1353, 1361 (Fed. Cir. 2017).

**III.   ARGUMENT**

    **A.   Traxcell's Litigation Positions Were Objectively Unreasonable**

Traxcell never had a reasonable basis for pursuing its allegations against Ericsson for the '147 patent—yet Traxcell maintained those meritless positions for over a year. Traxcell's assertions against Ericsson for the '147 patent were based on three allegations that any reasonable pre-suit investigation would have turned up false: (1) that Ericsson sells "Ericsson's wireless communication devices;" (2) that Ericsson provides a "Wireless communication network;" and (3) that Ericsson was connected to VZ Navigator or Google Maps.

First, Traxcell's allegations against Ericsson with respect to the '147 patent relied on Ericsson selling wireless devices. *See, e.g.*, D.I. 10 at 68 ("Plaintiff contends that Ericsson makes, uses, imports and sell wireless devices"); at 68 ("Wireless mobile communication device— including but not limited to Ericsson branded devices"). Ericsson has not sold wireless devices (*e.g.*, mobile phones) for over a decade, a fact which would have been revealed by a quick internet search. *See, e.g.*, https://www.sony.com/en/SonyInfo/News/Press/201202/12-025E/ ("February

5

16, 2012, Tokyo, Japan - Sony Corporation ('Sony') today announced that the transaction to acquire Telefonaktiebolaget LM Ericsson's ('Ericsson') 50% stake in Sony Ericsson Mobile Communications AB ('Sony Ericsson') . . .").

Second, Traxcell's allegations against Ericsson with respect to the '147 patent relied on Ericsson providing a "Wireless communication network." *See, e.g.*, Ex. 1 at 25 ("Wireless communication network (e.g. Ericsson, Verizon, AT&T, T-Mobile, etc.) used to estimate the location of the Wireless communication device (Exhibit B) on Google Maps."). Ericsson is not and has never been a wireless carrier in the United States.

Third, Traxcell's allegations against Ericsson with respect to the '147 patent relied on VZ Navigator and Google Maps. *See, e.g.*, D.I. 10 at 70 ("The wireless communication device having Verizon VZ Navigator application or Google maps, displays to the user navigation information . . ."). Ericsson has no connection to either VZ Navigator or Google Maps, which again would have been revealed by a quick internet search. *See, e.g.*, https://www.comtechtel.com/news-releases/news-release-details/verizon-wireless-launches-vz-navigator-vx-enabling-droid-do; https://blog.google/products/maps/look-back-15-years-mapping-world/. More egregiously, Traxcell *knows* from the prior litigation that Comtech and Google—and not Ericsson—produce VZ Navigator and Google Maps. *Traxcell Techs., LLC v. AT&T Inc. et al.*, No. 2:17-CV-00718-RWS-RSP (Oct. 7, 2019 E.D. Tex.), D.I. 444 at 13 ("These witnesses from Google and Comtech, the companies that produce the Google Maps and Verizon Navigator applications respectively . . ."); *Traxcell Techs., LLC v. Sprint Commc'ns Co. LP*, 15 F.4th 1121, 1127 (Fed. Cir. 2021) ("And for the '388 patent, Traxcell points to Verizon mobile devices using VZ Navigator or Google Maps (made by Comtech and Google, respectively).").

In short, it is objectively unreasonable to allege that Ericsson (1) sells mobile phones, (2)

6

is a wireless carrier, and (3) has any connection to VZ Navigator or Google Maps. Even the most cursory Google search of "Ericsson" would have revealed the baselessness of these infringement allegations. Either Traxcell failed to conduct a pre-suit investigation, or Traxcell chose to bring *and maintain for over one year* frivolous and objectively unreasonable claims. Indeed, other than the cursory and baseless statements outlined above, Traxcell's infringement contentions against Ericsson do not even attempt to cite any allegedly infringing behavior performed by Ericsson and in fact barely mention Ericsson at all. *See* Ex. 1, Ex. 2. Since even the most basic pre-suit investigation would have revealed the sheer baselessness of Traxcell's allegations, this case is exceptional and attorney fees under § 285 should be awarded to Ericsson. *See Lumen View Tech., LLC v. Findthebest.com, Inc.,* 13 Civ. 3599 DLC, 2014 WL 2440867, at *6–7 (S.D.N.Y. May 30, 2014) (awarding fees after granting judgment on the pleadings because "the most basic pre-suit investigation would have revealed" the defendant's non-infringement).

**B.    Ericsson's Request for Fees Is Directly Tied to Traxcell's Unreasonable Infringement Positions**

Fee awards under Section 285 are intended to "compensate the prevailing party for its monetary outlays in the prosecution or defense of the suit." *Mathis v. Spears*, 857 F.2d 749, 755 (Fed. Cir. 1988) (citation omitted). Therefore, a fee award includes not just fees for attorneys' time, but also fees charged for the time spent by paralegals and support staff. *See Action Star Enterprises Co., Ltd. v. KaiJet Tech. Int'l, Ltd*, Case No. CV 12-08074 BRO (MRWx), 2015 WL 12752877, *4 (C.D. Cal. June 24, 2015) (awarding paralegal fees under Section 285). There "is no precise formula for making [such] determinations." *See Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). The district court has "broad discretion in awarding fees and setting the amounts of fees." *Therasense, Inc. v. Becton, Dickinson and Co.*, 745 F.3d 513, 518 (Fed. Cir. 2014).

Ericsson seeks the ▮▮▮▮▮▮▮▮ attorneys' fees that Ericsson spent defending itself against

7

Traxcell's infringement allegations related to the '147 patent. A summary of requested fees is attached as Exhibit 4. Details supporting this request are in the attached Declaration of Jacob Baron. As explained in the attached declaration, Ericsson's fees were reasonably incurred in defending this action.

### C.  An Award of Fees Is Necessary to Deter Future Litigation by Traxcell

In addition to the prior litigation against Verizon, Traxcell has brought and continues to bring lawsuits against Ericsson and other parties such as Verizon, T-Mobile, Sprint, Nokia, Apple, Google, and many others. *See, e.g.*, *Traxcell Technologies, LLC v. Cellco Partnership d/b/a Verizon Wireless*, 6:22-cv-00976 (W.D. Tex.); *Traxcell Technologies, LLC v. T-Mobile USA, Inc.*, 6:22-cv-00992 (W.D. Tex.); *Traxcell Technologies, LLC v. T-Mobile USA, Inc.*, 6:22-cv-00991 (W.D. Tex.). These new litigations appear to be similarly frivolous to this litigation, containing allegations that either have nothing to do with Ericsson or allegations that directly relate to issues Verizon (and others) won in the prior litigations. Incredibly, these new litigations include patents and allegations ***that Traxcell dismissed—some with prejudice—from this case***. *Compare* D.I. 53 (dismissing claims related to U.S. Pat. No. 9,918,196 and U.S. Pat. No. 10,390,175) and D.I. 130 (dismissing claims related to U.S. Pat. No. 10,701,517 and U.S. Pat. No. 10,743,135 with prejudice) *with Traxcell Technologies, LLC v. Cellco Partnership d/b/a Verizon Wireless*, 6:22-cv-00976 (W.D. Tex.), D.I. 1 and *Traxcell Technologies, LLC v. T-Mobile USA, Inc.*, 6:22-cv-00992 (W.D. Tex.), D.I. 1.

Absent meaningful consequences for its litigation conduct, there is no reason to believe that Traxcell's approach to the newly filed cases will differ meaningfully from the approach it has adopted in the present case. Indeed, Traxcell already owes Verizon fees (related to an Ericsson product) for its conduct in the prior litigation, but to date Traxcell has not paid those fees. *See, e.g.*, *Traxcell Techs., LLC. v. AT&T Corp.*, No. 2:17-CV-00718-RWS-RSP, 2022 WL 949951

8

(E.D. Tex. Mar. 29, 2022) (awarding fees in part to "deter[] Traxcell from disregarding the Court's reasoning in future cases"); *Traxcell Techs., LLC v. AT&T Inc. et al.*, No. 2:17-CV-00718-RWS-RSP (E.D. Tex.), Dkt. No. 527 (Verizon's motion for order to show cause for Traxcell's failure to pay). Nor is there any reason to believe that this wave of cases is the last. Ericsson respectfully submits that an award of attorneys' fees is appropriate to deter future frivolous lawsuits and improper conduct by Traxcell. *See, e.g.*, *Blackbird Tech LLC v. Health In Motion LLC*, 944 F.3d 910, 917 (Fed. Cir. 2019) (affirming award of attorneys' fees designed in part to "deter similarly weak arguments in the future").

## IV.  CONCLUSION

For these reasons, Ericsson respectfully requests that the Court enter an order declaring this case "exceptional" under Section 285 and awarding Ericsson ███████████ attorneys' fees.

Dated: November 8, 2022

Respectfully Submitted,

*/s/ Jacob Baron*

Deron R. Dacus
State Bar No. 00790553
The Dacus Firm, P.C.
821 ESE Loop 323, Suite 430
Tyler, TX 75701
Phone: (903) 705-1117
Fax: (903) 581-2543
ddacus@dacusfirm.com

Jacob K. Baron, Esq.
Email: jacob.baron@hklaw.com
Allison M. Lucier
Email: Allison.Lucier@hklaw.com
Holland & Knight LLP
10 Saint James Avenue; 11th Floor
Boston, MA 02116
Telephone:   (617) 523-2700
Facsimile:   (617) 523-6850

9

William E. Sterling
william.sterling@hklaw.com
HOLLAND & KNIGHT LLP
50 California Street, Suite 2800
San Francisco, CA 94111
Telephone: (617) 305-2024
Facsimile: (617) 523-6850

***Attorneys for Ericsson Inc.***

## CERTIFICATE OF CONFERENCE

I hereby certify that counsel for Ericsson Inc., Jacob K. Baron conferred by phone and email with counsel for Traxcell, William Ramey, regarding Ericsson's Attorneys' Fees. Traxcell is opposed to the relief sought in this Motion.

*/s/ Jacob K. Baron*
Jacob K. Baron

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Motion is being served on all counsel of record via email on this November 8, 2022.

*/s/ Jacob K. Baron*
Jacob K. Baron
