IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| TRAXCELL TECHNOLOGIES, LLC,<br>*Plaintiff*,<br><br>v.<br><br>CELLCO PARTNERSHIP d/b/a<br>VERIZON WIRELESS,<br>*Defendant*. | §<br>§<br>§<br>§    Case No. 6:20-CV-01175-ADA<br>§<br>§<br>§<br>§<br>§<br>§<br>§ |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Cellco Partnership d/b/a Verizon Wireless's ("Verizon") Emergency Motion to Dismiss for Lack of Subject Matter Jurisdiction Due to Mootness filed on March 10, 2023. ECF No. 212. Plaintiff Traxcell Technologies, LLC ("Traxcell") filed a response on March 13, 2023. ECF No. 215. The Court heard argument on the Motion on March 14, 2023. This order memorializes the Court's rulings.

### I.   BACKGROUND

**A. The Western District of Texas Proceedings**

On December 21, 2020, Traxcell filed the present action in this Court accusing Verizon and Ericsson Inc. ("Ericsson") of infringement of U.S. Patent Nos. 9,918,196 ("'196 patent"), 10,390,175 ("'175 patent"), 10,701,517 ("'517 patent"), 10,743,135 ("'135 patent"), and 10,820,147 ("'147 patent") (collectively, the "asserted patents"). ECF No. 1 at 1. During litigation, Traxcell dismissed the '196 and '175 patents. ECF No. 74 at 1. Traxcell also dismissed all claims against Ericsson. ECF No. 130.

B. **The Eastern District of Texas Proceedings**

Traxcell sued Verizon in the Eastern District of Texas ("EDTX") alleging infringement of patents within the same family as the asserted patents in this case. The EDTX granted summary judgment of non-infringement. *Traxcell Techs., LLC v. AT&T Corp.*, No. 2:17-cv-00718, 2019 WL 6037984 (E.D. Tex. Oct. 7, 2019). The EDTX's order was affirmed on appeal. *Traxcell Techs., LLC v. Sprint Commc'ns Co. LP*, 15 F.4th 1121 (Fed. Cir. 2021).

Magistrate Judge Payne awarded Verizon attorneys' fees under 35 U.S.C. § 285. *Traxcell Technologies, LLC v. AT&T Corp.*, No. 2:17-cv-718-RWS-RSP, 2022 WL 949951, at *4 (E.D. Tex. Mar. 29, 2022). Traxcell objected to Judge Payne's order. On December 22, 2022, the court overruled Traxcell's objections and adopted the order. *Traxcell Techs., LLC v. AT&T Corp.*, No. 2:17-cv-718-RWS-RSP, 2022 WL 18507378 (E.D. Tex. Dec. 22, 2022). The court ordered Traxcell to pay within thirty days of the order. *Id.* at *2.

On January 19, 2023, Traxcell appealed the award of attorneys' fees. *Traxcell Techs. v. AT&T Corp.*, Nos. 23-1246, 23-1436 (Fed. Cir. Jan. 19, 2023). The appeal is pending. However, Traxcell did not post a supersedeas appellate bond. On January 20, 2023, Traxcell filed a Motion to Stay Enforcement and Waiver of Appeal Bond or In Alternative a Reduced Bond in the EDTX, which was denied. *Traxcell Techs. v. AT&T Corp.*, No. 2:17-cv-00718-RWS-RSP (E.D. Tex. Feb. 13, 2023), ECF No. 553. The EDTX ordered Traxcell to post bond in the full amount of the fees that Traxcell owes Verizon, plus 20% in interest and $250 in costs, totaling to $587,902.00. *Id.* at 5. On February 8, 2023, Traxcell filed a similar Motion to Stay Enforcement and Waiver of Appeal Bond or In Alternative a Reduced Bond at the Federal Circuit. *Traxcell Techs. v. AT&T Corp.*, No. 23-1246 (Fed. Cir. Feb. 8, 2023). The motion is pending.

To date, Traxcell has not paid Verizon the awarded attorneys fees or posted a supersedeas bond.

## C. The State Court Proceedings

On February 10, 2023, Verizon filed a Petition to Enforce Foreign Judgment in Texas state court to enforce the attorneys' fees award from the EDTX. ECF No. 212-2. On February 17, 2023, Verizon filed a motion seeking appointment of a Receiver and turnover of Traxcell's assets, including the asserted patents. ECF No. 212-3. On February 22, 2023, Traxcell filed a motion seeking to stay the enforcement of the foreign judgment. ECF No. 212-4. On March 7, 2023, the Texas state court granted Verizon's motion seeking appointment of a Receiver. ECF No. 212-1. The state court ordered Traxcell to turnover all assets including "all patents issued by the United States Patent and Trademark Office that are assigned to Traxcell so that they may be sold by the Receiver." *Id.* ¶ 4. The state court's order further states that "[t]he Receiver, to the exclusion of [Traxcell], is the only party entitled to possess, sell, liquidate, and otherwise deal with [Traxcell's] property." *Id.* ¶ 12. The state court ordered Traxcell to turnover the asserted patents within seven days of the order. *Id.* ¶ 4. March 14, 2023 is the seventh day after the state court's order was signed.

On March 8, 2023, Traxcell filed a Petition of Writ of Mandamus in the Court of Appeals for the Tenth Judicial District. ECF No. 212 at 3. This Petition is still pending. *Id.* On March 9, 2023, Traxcell filed an Emergency Motion to Modify the Order Appointing the Receiver before the Texas state trial court. *Id.* During the hearing before this Court on March 14, 2023, the parties informed the Court that the Texas state trial court denied Traxcell's Emergency Motion to Modify. At this time, Traxcell has not received relief from the Receivership Order from the Court of Appeals for the Tenth Judicial District.

## II. LEGAL STANDARD

"The law of Article III standing, which is built on separation-of-powers principles, serves to prevent the judicial process from being used to usurp the powers of the political branches." *Town of Chester v. Laroe Estates, Inc.*, 137 S. Ct. 1645, 1650 (2017). To have standing, a plaintiff "must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016). "Th[at] triad of injury in fact, causation, and redressability constitutes the core of Article III's case-or-controversy requirement," and the plaintiff, as "the party invoking federal jurisdiction[,] bears the burden of establishing its existence." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 103−04 (1998) (footnote omitted). Regional circuit law governs standards for the "dismissal of a complaint for lack of standing unless the issue is unique to patent law and therefore exclusively assigned to the Federal Circuit." *Univ. of S. Fla. Rsch. Found., Inc. v. Fujifilm Med. Sys. U.S.A.*, 19 F.4th 1315, 1323 (Fed. Cir. 2021). Federal Circuit law governs an entity's constitutional standing in a patent infringement action. *See WiAV Sols. LLC v. Motorola, Inc.*, 631 F.3d 1257, 1263 (Fed. Cir. 2010). "[E]ach element of Article III standing must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, with the same evidentiary requirements of that stage of litigation." *Legacy Cmty. Health Servs., Inc. v. Smith*, 881 F.3d 358, 366 (5th Cir. 2018) (quotation marks omitted).

"If a plaintiff's claims cease to present a 'case or controversy' due to developments during litigation, those claims become moot." *Canadian Lumber Trade All. v. United States*, 517 F.3d 1319, 1338 (Fed. Cir. 2008). "One commentator has defined mootness as 'the doctrine of standing set in a time frame: The requisite personal interest that must exist at the commencement of the

litigation (standing) must continue through its existence (mootness)'." *U.S. Parole Comm'n v. Geraghty*, 445 U.S. 388, 397 (1980).

In the patent infringement context, the Federal Circuit has "recognized that those who possess 'exclusionary rights' in a patent suffer an injury when their rights are infringed." *Lone Star Silicon Innovations LLC v. Nayna Tech. Corp.*, 925 F.3d 1225, 1234 (Fed. Cir. 2019). A party that "that hold[s] less than all substantial rights to the patent and lack[s] exclusionary rights" "[is] not injured by a party that makes, uses, or sells the patented invention" and therefore "lack[s] constitutional standing." *Morrow v. Microsoft Corp.*, 499 F.3d 1332, 1339 (Fed. Cir. 2007).

### III.   DISCUSSION

Verizon argues that this case should be dismissed because Traxcell no longer has possession over the asserted patents. ECF No. 212 at 5. Verizon claims that because the Receivership Order requires turnover of the asserted patents to the Receiver, Traxcell lacks substantial rights in the asserted patents. *Id.* In response, Traxcell argues that the Receivership Order does not require turnover of the asserted patents until March 14, 2023. ECF No. 215 at 2.

The Court agrees with Verizon. The Receivership Order orders Traxcell to turnover the rights in the asserted patents by today, March 14, 2023. ECF No. 212-1 ¶ 4. The Receivership Order further states that "[t]he Receiver, to the exclusion of [Traxcell], is the only party entitled to possess, sell, liquidate, and otherwise deal with [Traxcell's] property." *Id.* ¶ 12. The Receivership Order further orders the Receiver to sell the asserted patents. *Id.* ¶ 4. Based on the Receivership Order, Traxcell holds less than all substantial rights to the asserted patents. *Morrow*, 499 F.3d at 1339. At this time, Traxcell has not received relief from the Receivership Order from the Court of Appeals for the Tenth Judicial District. Thus, Traxcell is required to turnover the asserted patents to the Receiver "so that they may be sold by the Receiver." *Id.* ¶ 4. Because Traxcell holds less

than all substantial rights to the asserted patents, the Court concludes that dismissing this action for mootness is appropriate.

### IV.   CONCLUSION

For the foregoing reasons, the Court **GRANTS** Verizon's Emergency Motion to Dismiss for Lack of Subject Matter Jurisdiction Due to Mootness. It is therefore **ORDERED** that the case be **DISMISSED** without prejudice.

**SIGNED** this 14th day of March, 2023.

_____
ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE